Citation Nr: 1719107 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 15-33 784 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial compensable rating for asbestosis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Cruz, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1954 to March 1969 and from March 1969 to September 1975.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in March 2015 of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In his September 2015 substantive appeal, the Veteran requested a hearing at a local VA office. Subsequently, in February 2016 correspondence, the Veteran withdrew his request. 2/29/2016 Hearing Request. Accordingly, the Board finds that his hearing request has been withdrawn. See 38 C.F.R. § 20.704 (d), (e) (2016).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Board finds that additional development is required before the claim on appeal can be decided.

The Veteran underwent a VA examination in February 2015 and the examiner determined that the Veteran's asbestosis was due to his active service. 
In a March 2015 rating decision, the Veteran was granted service connection for asbestosis and assigned a noncompensable rating based on pulmonary function testing (PFT) results, specifically from diffusion capacity of the lung for carbon monoxide by the single breath method (DLCO (SB)) results.

The Veteran filed a Notice of Disagreement in June 2015 stating that he believed the rating was incorrect and that his asbestosis had worsened. 6/15/2015 Notice of Disagreement. In April 2017, the Veteran produced new medical evidence, including new PFTs dated in August 2016. He specifically indicated he had a lower DLCO score. 4/10/2017 Correspondence. However, notes in the test results caution that the session was of poor quality and the results must be interpreted with care. The examiner commented that the Veteran gave a good effort, but that he could not complete lung volumes. 4/10/2017 Medical Treatment Record-Non-Government Facility, at 14. The testing in August 2016 is so starkly in contrast to the results obtained just one year prior; given this, and given that the private provider expressly indicated that the results should be reviewed with caution, the Board at this point cannot find such results sufficiently reliable to base a decision on. Therefore, an examination is ordered, to help better clarify the severity of the disability and to potentially verify the August 2016 results.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. All pertinent updated treatment records, including private medical records should be obtained and associated with the claims file.

2. Schedule the Veteran for an appropriate VA examination for the purpose of assessing the current severity of his asbestosis disability. The claims file should be provided to the examiner for review. If there is a disparity of results across the various PFT tests, such to cause the level of evaluation to differ, the examiner should that which test result most accurately reflects the severity of the disability, along with an explanation for such finding.

All pertinent symptomatology and findings must be reported in detail. All necessary studies and tests should be conducted.

3. After the development requested above has been completed, the claim should be readjudicated. If the benefit sought on appeal remains denied, issue a supplemental statement of the case (SSOC) and provide the Veteran and his representative an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).